EL MUNDO, INC., Petitioner, *v.* PUERTO RICO LABOR RELATIONS BOARD, Respondent.

No. JRT-65-7.        Decided November 26, 1965.

*Fiddler, González & Rodríguez,* and *Juan R. Torruella del Valle* for petitioner. *J. B. Fernández Badillo, Solicitor General, Luis M. Rivera Pérez, Celia Canales de González,* and *Marta Ramírez de Vera* for respondent.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

### JUDGMENT

El Mundo, Inc., has requested this Court to review a Decision of the Labor Relations Board (D-391) which ordered: (1) to cease and desist from violating in any manner whatsoever the terms of a collective bargaining agreement signed with the Puerto Rico Newspaper Guild, Local

225; and (2) to take affirmative action (a) consenting to submit to arbitration the controversy which has arisen because of the discharge from work of the employee Julio César López pursuant to Art. VII of the collective agreement and (b) posting in conspicuous places of its premises the notice to that effect determined by the Board and attached to its Decision.

El Mundo, Inc., challenges that Order (1) because the Labor Relations Board lacks jurisdiction to take cognizance of the matter, El Mundo being an industry in interstate commerce; (2) because the administrative remedies fixed in the collective agreement were not exhausted prior to the filing of the charge of unfair labor practice; and (3) because it was an error to conclude that El Mundo violated § 8(1)(f) of the Labor Relations Act of Puerto Rico.

■ ■ Petitioner is not right in any of its three contentions. The count and the complaint charged the violation of a collective agreement as an unfair practice under our Labor Relations Act. We have already stated that the violation of a collective agreement is not sanctioned as an unfair labor practice in the federal legislation of labor-management relations. The fact that the federal legislation grants, for said violation, an action for damages—§ 301, Taft-Hartley Act—and that that action for damages is within the jurisdiction of the courts, whether federal or state, does not preclude our Labor Relations Board, as an administrative agency, from taking cognizance under our Act of such a violation as an unfair practice. This question has already been clearly decided by this Court. *P.R. Telephone Co.* v. *Labor Relations Board, ante,* p. 247; *Puerto Rico Telephone* v. *Labor Relations Board,* 86 P.R.R. 362 (1962); *Labor Relations Board* v. *I.L.A.,* 73 P.R.R. 568 (1952).

■ The evidence supports the conclusion of the Trial Examiner subscribed to by the Board to the effect that

petitioner refused to submit to arbitration the controversy which was already in the Grievance Committee created by the collective agreement. The evidence shows that this Committee was never in agreement not only as to the controversy itself but also as to the submission and manner of considering it. The question involved a discharge. The employee and the Union took the necessary steps according to the agreement to take the matter to the Grievance Committee. This Committee was under the obligation to decide within 72 hours, but, on the contrary, it had the matter under consideration without being able to come to any agreement nor go into the merits of the issue, from February 20 to March 18, 1964. It was proper, then, to designate an arbitrator, by mutual agreement, to which petitioner objected because the matter had not yet been considered on the merits by the Grievance Committee. (Minutes of March 10, 1964.) It cannot say now that the conventional remedies were not exhausted.

By virtue of the foregoing, the challenges made by petitioner, El Mundo, Inc., to the aforesaid Decision and Order (D-391) of the Puerto Rico Labor Relations Board of June 9, 1965, do not lie, and consequently the petition for review is denied.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ

*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS

*Acting Secretary*